Citation Nr: 1229611 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 10-04 938 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for headaches. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

Patricia Veresink, Associate Counsel


INTRODUCTION

The Veteran had active duty service from June 1957 to April 1960.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Veteran testified at a Board hearing at the RO in August 2011 before the undersigned Acting Veterans Law Judge. A copy of the transcript of that hearing has been associated with the record on appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Board notes that the record contains a statement from the Social Security Administration (SSA) indicating that the Veteran receives benefits due to a disability. The record does not show what disability was at issue before the SSA and does not contain any medical records used in making the determination. 

VA must attempt to obtain relevant records from a Federal department or agency unless further attempts would be futile. These records include medical and other records from SSA. See 38 C.F.R. § 3.159(c)(2). In Murincsak v. Derwinski, 2 Vet. App. 363, 370 (1992), the CAVC found that VA's duty to assist specifically includes requesting information from other Federal departments. In Baker v. West, 11 Vet. App. 163, 169 (1998), the CAVC further stated that VA is required to obtain evidence from other agencies, including decisions of the SSA. Therefore, the Board finds that remand is necessary to obtain any outstanding SSA records.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should attempt to obtain and associate with the file any SSA records related to his claimed disabilities, to include the SSA decision granting disability benefits. The RO should document any attempts to obtain these records, to include any negative responses. 

2. After completion of the above and any other development the RO/AMC should deem necessary, the RO/AMC should review the expanded record and determine if service connection may be granted. The Veteran and his representative should be furnished an appropriate supplemental statement of the case, and should be afforded an opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
Thomas D. Jones
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).